1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7     KYLE FRANKOWSKI,                         Case No.  25-cv-02300-WHO

              Plaintiff,
8
                                              **ORDER GRANTING MOTION TO**
9        v.                                   **TRANSFER**

10    FORD MOTOR COMPANY,                      Re: Dkt. No. 15

              Defendant.
11

12            Kyle Frankowski, a resident of Los Angeles County, filed this class action lawsuit in

13    March 2025 against Ford Motor Company, alleging that his 2021 Ford Bronco Sport caught fire

14    while traveling through Muir Beach, California.  Complaint [Dkt. No. 1], ¶¶s 1, 12 ; CAC Civil

15    Cover Sheet [Dkt No. 1-3].  But there is a case in the Eastern District of Michigan that asserts the

16    same defect and requests the same relief from the same defendant.  Ford moves to transfer this

17    case to the Eastern District of Michigan under the first-to-file rule or, in the alternative, for the

18    convenience parties transfer venue under 28 U.S.C. § 1404(a).  Motion to Transfer Venue

19    ("Mot.") at 12 [Dkt No. 15-1].  That motion is GRANTED.[1]

20                                       **BACKGROUND**

21            Frankowski claims that the fire in his vehicle was caused by "defective fuel injectors that

22    can crack, leak fuel, [and] allow fuel to accumulate on top of the engine" of "2021–23 Ford

23    Bronco Sport and 2020-22 Ford Escape vehicles equipped with 1.5- liter engines ("Vehicles").  *Id.*

24    Based on this alleged defect, Frankowski seeks damages and declaratory relief for violation of the

25    Consumer Legal Remedies Act (CLRA) and the Unfair Competition Law (UCL), as well as for

26

27    _____

28    [1] This motion is appropriate for resolution on the papers.  Civ. L.R. 7-1(b).  The May 7, 2025 hearing is VACATED.

United States District Court
Northern District of California

United States District Court
Northern District of California

breach of warranty, common-law fraud, and unjust enrichment.  Compl.  ¶¶ 44-97.  He seeks to certify a nationwide class of purchasers who purchased or leased a 2021-2023 Ford Bronco Sport or 2020-2022 Ford Escape vehicle.  *Id.* ¶ 36.

There is a similar case already being litigated.  On February 17, 2023, *Richard Letson, et al. v. Ford Motor Co.*, No. 23-cv-10420 (E.D. Mich. ) ("*Letson*") was filed in the Eastern District of Michigan.  Plaintiffs in the *Letson* Action allege that "Model Year 2020–2023 Ford Escapes and 2021–2023 Ford Bronco Sports with 1.5L engines are equipped with fuel injectors that are prone to cracking" that can allow fuel to leak "down onto the hot exhaust and turbo system, resulting in under hood fires."  Hugret Declaration, Ex. 1 (Letson Second Amended Class Action Complaint ("Letson Compl.")) ¶ 2 [Dkt No. 15-3].  Plaintiffs in *Letson* seek to certify a nationwide class on claims of breach of warranty, common-law fraud, and unjust enrichment. *Letson* Compl. ¶¶ 174-216.  They also seek to certify state-specific subclasses, including a California subclass for violation of the CLRA, UCL, and other California statutes.  *Id.* ¶¶ 217-281.

## DISCUSSION

Ford moves to transfer this action to the Eastern District of Michigan under the first-to-file rule[2] because the *Letson* action has been pending for over two years.  Hugret Decl. ¶ 4  & Ex. 1.  It contends that the parties in *Letson* and in this case are materially similar: "(1) both this case and *Letson* feature named plaintiffs from California who allegedly purchased a Ford Bronco vehicle subject to the same alleged fuel-injector defect; (2) both seek to represent a nationwide class of purchasers who bought or leased a 2020-2022 Ford Escape or 2021-2023 Ford Bronco vehicle; and (3) both name Ford as the sole defendant."  Mot. at 5.[3]  Ford further explains that the issues of

---

[2]  The first-to-file rule promotes judicial efficiency by allowing a district court to transfer, stay, or dismiss a case when a complaint involving the same parties and the same issues has already been filed in another district.  *Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622, 628 (9th Cir. 1991).  Courts applying the rule consider the: (i) chronology of the lawsuits; (ii) similarity of the parties; and (iii) similarity of the issues.  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc*., 787 F.3d 1237, 1240 (9th Cir. 2015).  "The most basic aspect of the first-to-first rule is that it is discretionary." *Alltrade*, 946 F.2d at 628.

[3] *See* Frankowski Compl., ¶¶ 29-31, and Letson Compl., ¶¶ 21-26; *see also* Frankowski Compl., ¶ 36, ("All owners and lessees of Ford's model year 2021, 2022, or 2023 Ford Bronco Sport or 2020, 2021, or 2022 Ford Escape Vehicles.") and Letson Compl., ¶ 164  ("All persons or entities who purchased or leased model year 2020-2023 Ford Escape vehicles… or 2021-2023 Ford

2

*Letson* and this lawsuit are similar, as "both [cases] allege a defect based on fuel injectors that are prone to crack, creating a fire risk, and both [cases] allege that Ford knowingly concealed this issue to defraud consumers." *Id*. at 6.

Frankowski opposes transfer because this case and *Letson* are in both their "infancy" and where overlapping cases are in their infancy, the first-to-file rule's "motivation and rationale" is diminished. *See Scholl v. Mnuchin*, 483 F. Supp. 3d 822, 827 (N.D. Cal. 2020) (denying motion to transfer where two actions were filed one day apart and actions had obviously not progressed to different stages); *see also* Opposition to Transfer Venue ("Opp.") at 2 [Dkt No. 16]. In support, he notes that *Letson* is still in the pleadings stage and there is "no evidence" that *Letson* has proceeded with discovery. But the docket in *Letson* shows that the case has progressed through multiple rounds of heavily contested motion practice, including motions to dismiss and a motion for judgment on the pleadings. *See* Dkt. Nos. 22, 23, 36 in Case No. No. 23-cv-10420 (E.D. Mich.). The Hon. Shalina D. Kumar, who is presiding in *Letson*, has substantial familiarity with the factual and legal issues raised (including the claims asserted under California law) as a result. Transfer would, therefore, create significant judicial efficiencies.

Frankowski also argues that transfer is inappropriate because there is a key difference in the parties; he is not a named plaintiff in the *Letson* action. Oppo. at 2-3. While that is true, Frankowski would be a member of the nationwide class and California subclasses asserted in *Letson* if they were certified. While a judge in this District has indicated that there should be strict identity between the named plaintiffs in two actions to satisfy this element of the first-to-file rule,[4] the more widely accepted rule compares the scope of the "putative classes before certification." *Wallerstein v. Dole Fresh Vegetables, Inc*., 967 F.Supp.2d 1289, 1295 (No. 13-CV-01284-YGR); *see also Carrick v. Peloton Interactive, Inc*., 2023 WL 8851628, *4 n.7 (No. 23-CV-04233-SVK) (same). Here, the putative classes are identical. That is sufficient.

Finally, Frankowski contends that because Ford is challenging the standing of the *Letson*

---

Bronco.").

[4] *See Le v. PriceWaterhouseCoopers LLP*, 2008 WL 618938, at *1 (N.D. Cal. 2008).

1  plaintiffs to seek a nationwide class at the pleading stage (whereas many judges in this District

2  defer that issue until class certification), if Ford is successful in getting the nationwide class

3  allegations dismissed from the *Letson* case, the similarity between these cases would be

4  diminished.  Oppo. at 3.  Relatedly, Frankowski notes that Ford is trying to dismiss the claims of

5  the one named California plaintiff in *Letson* on standing grounds because that plaintiff's Vehicle

6  has not yet exhibited the defect with his fuel injector.  Here, Frankowski's Vehicle exhibited the

7  defect when his Vehicle burst into flames.  *Id*.

8       At this juncture, neither of these scenarios has come to pass.  There are nationwide class

9  claims in *Letson*.  There is a named California plaintiff in *Letson* asserting claims for the same

10  defects under the same laws as Frankowski relies on here.  That is sufficient for the first-to-file

11  rule to apply.

12       The District Court in the Eastern District of Michigan is intimately familiar with the

13  factual and legal issues raised in both *Letson* and this case.  The efficiencies and comity concerns

14  served by the first-to-file rule are all in play in this case.  The motion to transfer is GRANTED.

15       **IT IS SO ORDERED.**

16  Dated: May 5, 2025

17

18                                                  _____

19                                                William H. Orrick
                                              United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California